*NOT FOR PUBLICATON*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILGLORY TANJONG, <br><br>         Plaintiff, <br><br> v. <br><br> BENEFIT COSMETICS LLC, et al., <br><br>         Defendants. | Civil Action No. 3:18-cv-15358-FLW-LHG <br><br> **OPINION** |

**WOLFSON, Chief Judge:**

This matter arises out of cosmetic services. Plaintiff Wilglory Tanjong sued Defendant Benefit Cosmetics, LLC ("Benefit")[1], after suffering injuries from a Brazilian bikini wax. Tanjong asserts state-law causes of action for strict and negligent product liability, breach of warranty, concerted action, fraud/misrepresentation, and professional negligence. Before the Court is

---

1    Tanjong also sued various fictitious defendants because she did not know or remember the names of the estheticians who performed her Brazilian wax at the time of filing. *See* Compl., ¶¶ 9-10 (referring to "Jane Doe 11-15"). Although Fed. R. Civ. P. 15(a) allows a plaintiff to amend a pleading to add or change a party after identifying unknown defendants through discovery, *see Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004); *Teets v. Doe One*, No. 20-1334, 2021 WL 808572, at *2 (W.D. Pa. Mar. 3, 2021), Tanjong never moved to substitute the true names of the estheticians for "Jane Doe 11-15." Benefit suggests that Tanjong "failed to properly plead her professional negligence cause of action" for this reason. Def. Rep. Br., at 6. Specifically, because Tanjong did not amend her Complaint with non-fictitious names, she has not sued the estheticians at all, and to the extent that she has not done that, she has failed to "avail[] herself of the doctrine of *respondeat superior*," on which her claims are based. *See* Def. Rep. Br., at 6-7. I disagree that this is fatal to Tanjong's Complaint. Under New Jersey law, "when a plaintiff has a cause of action against two possible defendants, namely the negligent actor and the person vicariously liable for the negligent conduct, [s]he need not join both in a single action but has the option of suing them separately in successive actions." *McFadden v. Turner*, 159 N.J. Super. 360, 264 (App. Div. 1978); *Walker v. Choudhary*, 425 N.J. Super. 135, 148-49 (App. Div. 2012). There is no law suggesting a different rule for professional negligence. *See, e.g.*, *Mazur v. Crane's Mill Nursing Home*, 441 N.J. Super. 168, 183 (App. Div. 2015); *James v. Cty. of Middlesex*, 2016 WL 4474318 (App. Div. Aug. 25, 2016). Accordingly, Tanjong does not need to sue the estheticians individually or amend her Complaint with their true names to allege *respondeat superior* liability against Benefit.

Benefit's Motion for Summary Judgment contending that it is entitled to judgment as a matter of law on all Counts. In particular, Benefit contends that Tanjong did not comply with New Jersey's affidavit of merit statute, *see* N.J.S.A. § 2A:53A-26 *et seq.*, which requires an expert to certify the merits of a professional negligence claim within a certain timeframe or else the claim is dismissed with prejudice. Tanjong concedes that dismissal is appropriate on everything but professional negligence, and argues that she did not need to provide an affidavit because neither Benefit nor its estheticians are "licensed persons" under N.J.S.A. § 2A:53A-27. In the alternative, Tanjong cross-moves to amend her Complaint to assert ordinary negligence against the estheticians who performed her Brazilian wax. For the following reasons, Benefit's summary judgment motion and Tanjong's cross-motion to amend are **DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 20, 2016, Tanjong, a Princeton University student, received a Brazilian bikini wax from Benefit at a salon in New Jersey. During the treatment, Benefit's estheticians applied "Wax Me Honey," argon oil, and "Natural Roll Snip and Strip" linens to Tanjong's genital area with a wooden applicator to remove her pubic hair. Def. Br., Ex. D, at 9; *id.*, Def. Statement of Undisputed Material Facts ("SUMF"), ¶ 4.[2] Tanjong claims that the wax, normally heated to a "consistency similar to honey," Def. Br., Ex. D, at 12, caused "severe and permanent injury and disfigurement," Pl. Br., at 3, including "visible scarring and discoloration," Def. Br., Ex. D, at 13, because it was "too thin," *id.* at 14, and the estheticians "removed the hairs repeatedly from the same area." Def. Br., Ex. A, at 2 ¶ 1. Tanjong's genitals became increasingly irritated with each application, and the wax felt "hotter," causing her skin to "break and bleed" during the procedure,

---

2       Tanjong has largely admitted to Benefit's SUMF, with minor disagreements. Pl. Br., Ex. 4, at 2-3. In considering Benefit's motion, I rely primarily on facts that are not contested by either party. Where a fact is disputed, I view it in the light most favorable to Tanjong, and deduce all reasonable inferences to her benefit. See *Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 362 (3d Cir. 2008).

afterwards onto sanitary towels, and at home in her underwear, Def. Br., Ex. D, at 10-12, although she did not express feeling excessive or unexpected pain to the estheticians. Def. Br., SUMF, ¶ 5-7. Tanjong applied Neosporin to the affected area. Def. Br., Ex. A, ¶ 15; *id.*, Ex. D, at 15.

On October 25, 2016, while presenting at a conference in Chicago, Tanjong saw an urgent care doctor who observed skin lesions and prescribed Triamcinolone. *Id.*, Ex. F, at ¶ I. Then, on November 1, 2016, a dermatologist observed hypopigmentation and prescribed Topicort. *Id.* Two years later, another dermatologist prescribed Vytone for inflammation. *Id.* M. After reviewing the relevant medical history, one of Tanjong's expert witnesses, Dr. Joseph R. Payne, diagnosed Tanjong with "ulcerations which healed with scarring to her perilabial region and inguinal folds evidenced by hypopigmented glazed atrophic skin in the areas most affected with hyperpigmented on the face scaly plaques, similar to a healed burn." Def. Br., Ex. D, at 12; *id.*, Ex. F, at ¶ T. Tanjong's scars may fade slightly with time but are "unlikely to change significantly without intervention." *Id.* ¶ V.

Tanjong filed the instant Complaint on August 24, 2018, in the Superior Court of New Jersey, Mercer County, Law Division, alleging state-law causes of action for strict and negligent product liability, breach of warranty, concerted action, fraud/misrepresentation, and professional negligence. *See* ECF No. 1, Ex. A. Benefit removed this matter to federal court on October 26, 2018, *see* 28 U.S.C. § 1441, asserting diversity jurisdiction. *See id.* § 1332(a)(1). The parties have completed discovery, including multiple expert reports and depositions, and Benefit now moves for summary judgment on all Counts.[3] Tanjong concedes that dismissal is proper as to Count I

---

3    Tanjong cursorily argues that Benefit's motion, filed on August 26, 2020, is untimely under Fed. R. Civ. P. 56(b), which requires a party to move for summary judgment not more than thirty days after the close of discovery, unless local rules set a different deadline or a court orders otherwise, because discovery ended on July 9, 2020. *See* Pl. Br., at 3. There is not a local civil rule in this district altering the thirty-day deadline. However, Tanjong does not submit any proof as to when discovery actually closed, Benefit fails

(strict product liability), Count II (negligent product liability), Count III (breach of express and implied warranty), Count IV (concerted action), and Count V (fraud/misrepresentation). *See* Pl. Br., at 3. Only Count VI (professional negligence) remains.

Benefit contends that summary judgment is appropriate on Count VI solely because Tanjong has not complied with N.J.S.A. § 2A:53A-27, which requires a plaintiff who alleges professional negligence to provide an expert affidavit stating that the action has merit within 60 days of defendant's answer or 60 additional days upon a showing of good cause, or else the complaint is deemed "equivalent" to a failure to state a cause of action, *see* N.J.S.A. § 2A:53A-29, and dismissed with prejudice on that basis. *See* Def. Br., at 13-15. Tanjong responds that neither the estheticians who performed her Brazilian wax nor Benefit are "licensed persons" within the meaning of N.J.S.A. § 2A:53A-27. *See* Pl. Br., at 3-4. Even if the statute applies, Tanjong argues, Benefit should be "estopped" from relying on it at this late stage of litigation. Finally, Tanjong insists that she has already pled ordinary negligence against the estheticians who performed her Brazilian wax, such that she may go forward on that claim if she cannot proceed on professional negligence, or in the alternative, the Court should grant leave to amend her Complaint to state a cause of action for ordinary negligence.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quotations omitted); Fed. R. Civ. P. 56(a). An issue is "genuine" when "a reasonable jury could return a verdict for the non-

---

to address this point at all, and I found no applicable order on the docket. So, I cannot determine if Benefit in fact moved out of time. Nevertheless, because I prefer to rule on the merits, I consider its motion timely.

moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when it "might affect the outcome of the suit under the governing law." *Id.* The court construes all facts in the light most favorable to the nonmoving party, *see Boyle v. Cty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998), whose evidence "is to be believed," and makes "all justifiable inferences . . . in [its] favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323. That party may discharge its burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quotations and citations omitted). The nonmoving party must then identify, by affidavits or otherwise, specific facts showing that there is a triable issue. *Celotex*, 477 U.S. at 324. To do so, that party "may not rest upon the mere allegations or denials of the . . . pleading[s]." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quotations omitted). Instead, "[it] must make a showing sufficient to establish the existence of [every] element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Cooper v. Sniezek*, 418 Fed. App'x. 56, 58 (3d Cir. 2011) (quotations and citations omitted). Finally, "because the affidavit of merit statute is not a pleading requirement," summary judgment is the proper remedy for failure to comply with it, even though the consequences are "functionally the same as a motion to dismiss." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 291 n.4, 303 n.13 (3d Cir. 2012); *Chamberlain v. Giampapa*, 210 F.3d 154, 160-61 (3d Cir. 2001).

## III.   DISCUSSION

The parties presently dispute three issues: whether the affidavit of merit statute bars Tanjong's professional negligence claim such that I should grant summary judgment to Benefit; if so, whether Tanjong has asserted ordinary negligence against the estheticians who performed her Brazilian wax such that Tanjong may proceed on that claim; and if not, whether Tanjong should be granted leave to amend her Complaint to state such a cause of action.

### A. Count VI: Professional Negligence

N.J.S.A. § 2A:53A-27 requires a plaintiff who alleges professional negligence "by a licensed person" to provide an expert's affidavit stating the action has merit within 60 days of a defendant's answer or 60 additional days upon a finding of good cause.[4] *Id.*; *Davis v. Pine Ares Convalescent Center*, No. 2148-14, 2015 WL 6113143, at *2 (App. Div. Oct. 19, 2015); *Douglass v. Obade*, 359 Super. 159, 160 (App. Div. 2003) (The "end of the line . . . the drop-dead date, is 120 days."); *Familia v. Univ. Hosp.*, 350 N.J. Super. 563, 569 (App. Div. 2002) (describing 120 days as the "outer time limit . . . beyond which no extension could be granted"). The statute is meant to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." *Couri v. Gardner*, 173 N.J. 328, 340 (2002) (quotations omitted); *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341 (2001) (describing the statute as a "tort reform measure"); *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (stating that the statute is "designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits"). Failure to comply is "deemed a failure to state a cause of action," N.J.S.A. § 2A:53A-29, because the affidavit is considered an element of the claim itself. *See Meehan v. Antonellis*, 226 N.J. 216, 228 (2016); *Estate of Moore*

---

[4]     The affidavit of merit statute encompasses N.J.S.A. §§ 2A:53A-26 to -29. An expert must assert "a reasonable probability that the care, skill or knowledge exercised . . . in the . . . work that is the subject of the complaint, fell outside acceptable professional standards." *Highland Lakes Country Club & Cmty. Assoc. v. Nicastro*, 406 N.J. Super. 145, 150 (App. Div. 2009) (quotations omitted).

*v. Cumberland County*, No. 17-2839, 2018 WL 3455478, at *1 (D.N.J. July 18, 2018). Absent "extraordinary circumstances," a dismissal based on non-compliance must be entered with prejudice. *Alan J. Cornblatt, P.A. v. Barow*, 153 N.J. 218, 247 (1998); *see also Nuveen*, 692 F.3d at 290-91. Federal courts sitting in diversity apply the affidavit of merit statute as New Jersey courts would. *Chamberlain*, 210 F.3d at 157; *Fink v. Ritner*, 318 F. Supp. 2d 225, 228 (D.N.J. 2004).

Benefit moves for summary judgment on the sole ground that Tanjong failed to provide an affidavit of merit.[5] *See* Def. Br., at 13-15. Tanjong does not dispute that she did not provide one, but argues that she did not need to because Benefit and its estheticians are not "licensed persons" under the statute.[6] In determining whether Tanjong has complied with the statute, I must "first ensure that [Benefit] is, in fact, a [covered] licensed person." *Alcius v. City of Trenton*, No. 13-00716, 2013 WL 4447006, at *2 (D.N.J. Aug. 16, 2013). To do so, I start with the statutory text. *See Cashin v. Bello*, 223 N.J. 328, 335 (2015) (explaining that a court's role is to enforce legislative intent, which is most often revealed by the plain language of the statute); *O'Connell v. State*, 171 N.J. 484, 488 (2002) (stating that a court "may neither rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language"). The affidavit of merit statute defines "licensed person" to cover nineteen professional positions. *See* N.J.S.A. § 2A:53A-26(a)-(p). An esthetician is not one of them, nor is a cosmetics salon, and the list does not incorporate either profession by reference to another relevant provision of the state code. Based on its plain meaning, the affidavit

---

5       Benefit filed its Answer on November 16, 2018, but Tanjong did not provide an affidavit of merit by January 15, 2019 (60 days), March 18, 2019 (120 days), or ever.

6       Tanjong does not advance a substantive argument on this point, perhaps because she thinks the statutory scheme is self-explanatory. *See, e.g.*, Pl. Br., at 5.

of merit statute is inapplicable here. *Cf. Fox v. Bayside State Prison*, No. 14-5344, 2016 WL 589673, at *6 (D.N.J. Feb. 11, 2016) (finding the "plain language of the statute" to encompass the profession at issue there).

Benefit fails to provide a substantive argument to the contrary. Benefit instead assumes, without ever demonstrating, that the affidavit of merit statute applies because its estheticians are licensed and regulated by the State Board of Cosmetology and Hairstyling. *See* N.J.S.A. § 13:28-1.1(a)4(iii). But that fact is irrelevant: a "licensed person" in the sense of the affidavit of merit statute is not simply any "licensed professional" under state law, or else the legislature would not have enumerated a comprehensive list of "licensed persons." *See Saunders v. Capital Health System at Mercer*, 398 N.J. Super. 500, 508 (App. Div. 2008) ("Had the Legislature intended N.J.S.A. § 2A:53A-26 to apply to other unspecified licensed health providers, it could easily have prefaced the licensed persons listed with the words 'including but not limited to.' It chose not to do so."), *abrogated on other grounds by Paragon Contractors, Inc. v. Peachtree Condo. Ass'n*, 202 N.J. 415, 426 (2010); *Haviland v. Lourdes Medical Ctr. of Burlington County, Inc.*, No. A-1349, 2021 WL 262363, at *3 (App. Div. Jan. 27, 2021) (denying a motion to dismiss for failure to provide an affidavit of merit because "[r]adiology technicians were excluded from [the statute]"); *Mirow v. Lebovic*, No. 09-642, 2009 WL 5206249, at *2 (D.N.J. 2009) (same, but for "optometrists"); *Troy D. v. Mickens*, No. 10-2902, 2013 WL 3169223, at *3 (D.N.J. June 20, 2013) (same, but for "psychologists"); *see also Davis*, 2015 WL 6113143, at *5 (rejecting "the broad proposition . . . that any action against a licensed professional mandates an affidavit of merit"); *Kastrati v. Premier Endoscopy, LLC*, No. A-0050, 2020 WL 2212282, at *2 (App. Div. May 7, 2020) ("[N]ot every claim against a licensed professional requires an [affidavit of merit]."); *Ryan v. Renny*, 203 N.J. 37, 58 (2010) ("[I]t is elementary that when the Legislature includes

8

limiting language in one part of a statute, but leaves it out of another section in which the limit could have been included, we infer that the omission was intentional.").

Benefit does not offer any other reason to construe the affidavit of merit statute differently or disregard its plain language.[7] Since the salon and its estheticians are clearly not "licensed persons" within the meaning of the statute, Benefit has "failed to carry its burden on summary judgment of showing that it is entitled to [affidavit of merit] protection," *Fox*, 2016 WL 589673, at *4, and Tanjong was under no obligation to provide expert certification to continue this matter.[8]

---

[7]     Perhaps because there is not one. If Benefit argued that it is a "health care facility," the only possibly applicable covered profession, *see* N.J.S.A. § 2A:53A-26(1)(j), its argument would necessarily fail. A health care facility "engage[s] principally in providing services for health maintenance organizations, diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition," *id.* § 26:2H-2(a), but Benefit offers strictly cosmetic services such as waxes and eyebrow threading. Benefit also could not argue that it qualifies as "a business organization whose leadership is composed of 'licensed persons' within the meaning of [N.J.S.A.] § 2A:53A-26," *Martin v. Perinni Corp.*, 37 F. Supp. 2d 362, 366 (D.N.J. 1999); *Albrecht v. Corr. Med. Svcs.*, 27 A.3d 1260, 1263-64 (App. Div. 2011), because there is no evidence in the record suggesting that salon managers Kristine Tom and Lindsay Walsh are themselves "licensed persons" or that Benefit is otherwise comprised of covered professionals. Any argument that Benefit's estheticians are "uniquely close" to licensed persons would fail for similar reasons. *Cf. Mendoza v. Inspira Medical Ctr. Vineland*, No. 16-1337, 2019 WL 5304129, at *7 (D.N.J. Oct. 17, 2019). As New Jersey courts have explained, the purpose of these rules is to prevent a plaintiff from dodging the affidavit of merit requirement by suing a non-licensed entity for conduct otherwise covered by the statute. *See McCormick v. State*, 446 N.J. Super. 605 (App. Div. 2016) ("[A plaintiff] cannot avoid the important screening mechanism of the [affidavit of merit] statute by suing only the . . . entity that procured the services of the individual health care professionals."). Here, however, Tanjong has not done anything of the sort. Likewise, Benefit's estheticians are not regulated by the same statutory scheme as any "licensed person" in N.J.S.A. § 2A:53A-26, which could conceivably be a reason to construe the affidavit of merit statute to apply. *Compare Saunders*, 398 N.J. Super. at 505 ("Nurses and midwives are licensed pursuant to different statutes. Licensing requirements for registered professional nurses are set forth in N.J.S.A. 45:11-23 to -67 [while] [m]idwife licensing requirements are specified in N.J.S.A. 45:10-1 to -22."), *with Fox v. Bayside State Prison*, No. 14-5344, 2016 WL 589673, at *6-7 (D.N.J. Feb. 11, 2016) (distinguishing *Saunders* and applying the affidavit of merit to "advanced practice" nurses, who are not explicitly named in the statute, in part because they are subject to the same licensing scheme as "registered" nurses, who are named). In light of all of that, it is not surprising that I could not find a single case discussing whether to apply the affidavit of merit statute to a salon or estheticians, nor has Benefit cited one.

[8]     Though I need not formally rule on the issue because I find the affidavit of merit statute inapplicable, it is worth noting that Benefit did not point out the absence of an affidavit before the present dispositive motion. *Cf. Davis v. Pine Ares Convalescent Center*, No. 2148-14, 2015 WL 6113143, at *3 (App. Div. Oct. 19, 2015) ("Despite defendant's demand for an affidavit of merit, plaintiff took no action."). Even though the affidavit of merit statute itself "places no obligation on a defendant to file a dismissal motion within a set timeframe," New Jersey courts will reject a "dilatory" motion to dismiss, as here, where

Because Benefit has not moved for summary judgment on any other basis, or pointed to any affirmative evidence showing that it is entitled to judgment as a matter of law, I deny its motion for judgment on Count VI.[9] *See Celotex*, 477 U.S. at 323 (placing initial burden on the moving party). Tanjong's "professional negligence cause of action should proceed . . . in its ordinary course." *Saunders*, 398 N.J. Super. at 511.

## IV.   CONCLUSION

Benefit's Motion for Summary Judgment on Count VI, in which it contends that I must dismiss Tanjong's case with prejudice solely because she did not provide an affidavit of merit, is **DENIED** because Benefit and its estheticians are not "licensed persons" within the meaning of the affidavit of merit statute. Tanjong's Cross-Motion to amend her Complaint to state a cause of action for ordinary negligence against the estheticians who performed her Brazilian wax is **DENIED** as moot because Tanjong may proceed on her professional negligence claim.[10]

**DATED**: March 17, 2021

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

the defendant moves for dismissal long after plaintiff's filing deadline, discovery has ended, and defendant's "forbearance" or "delay" caused plaintiff to believe its case "was on course." *Knorr v. Smeal*, 178 N.J. 169, 178-81 (2003) (applying the doctrine of equitable estoppel and the doctrine of laches "consistent with and in furtherance of the Legislature's intent").

9      Because I find that the affidavit of merit statute inapplicable, I need not address other arguments for summary judgment under the statute, such as whether an exception excuses Tanjong's failure to comply with it.

10     On this motion, Tanjong moved to add an ordinary negligence claim only in the event that I granted summary judgment on the professional negligence claim. If Tanjong still wishes to allege ordinary negligence against the estheticians who performed her Brazilian wax, she must file a separate motion to that effect, at which point the parties may litigate the propriety of going forward with that cause of action and/or relating any necessary amendments back to the original Complaint.